In re E.E.H.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-298-CV

IN THE INTEREST OF E.E.H., A MINOR CHILD

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this restricted appeal, James Hanners raises five issues challenging the  trial court’s default judgment modifying his parent-child relationship with his daughter E.E.H. and declaring him to be a vexatious litigant.  Appellees, E.E.H.’s mother and mother’s husband, concede that the portion of the trial court’s judgment declaring Hanners to be a vexatious litigant should be reversed because the evidentiary hearing on the motion seeking this relief was not reported.  We agree; we therefore sustain Hanners’s second, third, fourth, and fifth issues to the extent they challenge the portion of the trial court’s judgment declaring Hanners to be a vexatious litigant, requiring him to pay $5,000 to Appellees as attorneys’ fees, and enjoining him from filing pro se litigation. 
 See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 11.01-.104 (Vernon 2006); 
Tex. R. App. P.
 13.1(a) (“official court reporter . . . must: (a) unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings”); 
see also Michiana Easy Livin' Country, Inc. v. Holten
, 168 S.W.3d 777, 782 (Tex. 2005) (requiring record of pretrial evidentiary hearing). We now address the merits of Hanners’s challenges to the remainder of the trial court’s default judgment.  To prevail in a restricted appeal, an appellant must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.  
Alexander v. Lynda's Boutique
, 134 S.W.3d 845, 848 (Tex. 2004).  Here, the parties agree that Hanners meets the first three requirements of a restricted appeal; the issue remaining for our consideration is whether the face of the record establishes that the trial court erred by granting a post-answer default judgment against Hanners.

Hanners filed a Suit Affecting the Parent Child Relationship (SAPCR) concerning E.E.H., seeking to modify custody of E.E.H.  E.E.H.’s mother filed an answer and a counter SAPCR, also seeking to modify custody of E.E.H.  On December 23, 2004, the trial court sent out a dismissal notice in 204 cases; our record contains a twenty-one page document titled “Notice of Dismissal for the 231
st
 Judicial District Court” listing 204 cases that were placed on the trial court’s February 15, 2005 dismissal docket.  Hanners’s case was listed as the thirty-third case.  That document provided, 

In accordance with Rule 165a, the following cases have been placed on a dismissal docket and will be DISMISSED FOR WANT OF PROSECUTION on February 15, 2005 at 8:30 a.m. unless the case has been tried or otherwise disposed of by order of the Court prior to that date.  Failure to appear without excuse may result in dismissal of the case for want of prosecution or finalization of this matter.

The notice sent to Hanners’s contained the same language.  The reporter’s record indicates that at the beginning of the dismissal hearing the trial court stated, 

[T]his case was on a dismissal docket scheduled for today, February 15
th
, 2005. . . .  It is currently approximately 8:45 a.m. on February 15
th
, 2005.  The—I believe it’s—Counter-Petitioner is appearing through her attorney of record. The respondent or original petitioner and Counter-Respondent, James M. Hanners has failed to appear.  
Pursuant to the order setting this matter for dismissal
, the case will proceed on any issues raised by the Counter-Petitioner, the mother in the case.  [Emphasis added.]

The trial court proceeded to hear evidence on Appellee mother’s counter SAPCR and granted her all of the relief she requested in a default judgment entered against Hanners.

A defendant who makes an appearance following service of process is entitled to notice of the trial setting as a matter of constitutional due process.  
Peralta v. Heights Med. Ctr., Inc.
, 485 U.S. 80, 86, 108 S. Ct. 896, 899-900 (1988); 
Mathis v. Lockwood
, 166 S.W.3d 743, 746 (Tex. 2005)
; LBL Oil Co. v. Int'l Power Servs., Inc.
, 777 S.W.2d 390, 390-91 (Tex. 1989);
 see also 
Tex. R. Civ. P.
 245.  The trial court errs if it proceeds to trial when an answer is on file without giving notice of the trial setting.  
Guadalupe Econ. Servs. Corp. v. Dehoyos
, 183 S.W.3d 712, 715-16 (Tex. App.—Austin 2005, no pet.) (citing 
Terehkov v. Cruz
, 648 S.W.2d 441, 442 (Tex. App.—San Antonio 1983, no writ)); 
Campsey v. Campsey
, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.) (holding in restricted appeal, “If the respondent does not have notice of the trial setting as required by rule 245, the default judgment should be set aside because it is ineffectual”).

Here, the notice provided to Hanners was not notice of a trial setting pursuant to rule 245 of the rules of civil procedure on Appellee mother’s counter SAPCR; it was a notice of dismissal of Hanners’s SAPCR—along with 203 other cases—for want of prosecution pursuant to rule 165a of the rules of civil procedure.  
See
 
Tex. R. Civ. P.
 165a(1) (“Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney.”).  The dismissal notice nowhere provides Hanners with notice of a trial setting on Appellee mother’s SAPCR.

Appellee mother claims that the notice’s indication that the suit may be dismissed or “finalized” provided Hanners with notice of the trial setting.  We cannot agree; to so hold would mean that the trial court set 204 cases for trial on February 15th at 8:30 a.m.  Because the face of the record shows that Hanners was served only with a dismissal notice, not notice of a trial setting, we sustain Hanners’s first issue.

The only issue remaining for our consideration is whether Hanners has shown error on the face of the record concerning the dismissal pursuant to rule of civil procedure 165a of his SAPCR.  The rules of civil procedure and due process require courts to provide litigants with notice and an opportunity to be heard before the court dismisses the case.  
See
 
Tex. R. Civ. P.
 165a; 
Villarreal v. San Antonio Truck & Equip
., 994 S.W.2d 628, 630 (Tex. 1999) (requiring notice and an opportunity to be heard); 
Dispensa v. Univ. State Bank
, 987 S.W.2d 923, 926-27 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (same).  However, in a restricted appeal the absence in the record of any proof that notice of intent to dismiss was sent to a party is “just that–an absence of proof of error.”  
Gold v. Gold
, 145 S.W.3d 212, 213 (Tex. 2004) (quoting 
Lynda's Boutique
, 134 S.W.3d at 849)).   

Here, a Fort Worth lawyer filed suit for Hanners.  Hanners’s original SAPCR indicated that Hanners’s address was 181 Merritt Drive, La Vergne, Tennessee, 37086.  Subsequently, Hanners’s attorney filed a motion to withdraw, which was granted.  Hanners then, proceeding pro se, filed a “Notification of Change of Address” indicating that his address had changed from the Tennessee address to P.O. Box 612682, Dallas, Texas 75261-2682. Eighteen months later, on November 12, 2002, Hanners filed a motion to recuse the trial court judge, and on that pleading he listed his address as P.O. Box 590203, San Francisco, California 94159-0203.  A month later, on December 16, 2002, Hanners filed a pleading, and the signature block on that document again showed the Dallas P.O. Box as his address. 

The trial court clerk mailed the rule 165a dismissal notice on December 28, 2004 to Hanners at the San Francisco P.O. Box.  But, the “Notification of Change of Address” filed by Hanners, as well as the last pleading filed by Hanners, both indicate his address is the Dallas P.O. Box address.  Rule 21a of the rules of civil procedure provides that notice may be sent to a party's last known address.  
Tex. R. Civ. P.
 21a.  But the San Francisco P.O. Box was not Hanners’s last known address—the Dallas P.O. Box was based on the notification of change of address and the most recent pleading filed by Hanners.  Thus, the record before us affirmatively demonstrates error on its face via the failure to provide notice of rule 165a dismissal to Hanners at his last known address.  
See
 
Villarreal, 
994 S.W.2d at 630.  This is not a restricted appeal where the record is simply void of any proof that notice of intent to dismiss was sent to a party; in this case the record affirmatively demonstrates the notice of dismissal was sent to an address other than Hanners’s last known address.  
Cf.
 
Gold
, 145 S.W.3d at 213.  We sustain the portions of Hanners’s issues challenging the dismissal of his SAPCR.

We reverse the trial court’s judgment, including the portion of the judgment finding Hanners to be a vexatious litigant, requiring him to pay $5,000 to Appellees as attorneys’ fees, and enjoining him from filing pro se litigation.  We remand Hanners’s and Appellee mother’s SAPCRs to the trial court for a new trial.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DELIVERED: June 29, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.