**L.J., Appellant,**

v.

**DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
Appellee.

No. 01–11–00030–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 17, 2011.

Donald M. Crane, Katy, for Appellant.

Sandra D. Hachem, Senior Asst. County Atty., Houston, for Appellee.

Panel consists of Justices JENNINGS, HIGLEY, and BROWN.

**OPINION**

TERRY JENNINGS, Justice.

Appellant, L.J., seeks to bring a restricted appeal from the trial court's June 23, 2010 decree terminating her parental rights to her minor child. In her January 6, 2011 notice of appeal and in supplemental documents filed in this Court, appellant contends that this Court has jurisdiction to consider her appeal even though she filed her notice of appeal approximately thirteen days after the six month deadline for perfecting a restricted appeal.[1] Appellee, the Department of Family and Protective Services ("DFPS"), contends that the trial court's June 23, 2010 decree was not subject to collateral or direct attack after the sixth month after the date it was signed.[2]

We dismiss the appeal.

**Background**

On March 11, 2011, this Court issued an order providing a discussion of the underlying case, which involves the termination of appellant's parental rights to her minor child. We noted that the trial court signed its termination decree on June 23, 2010, and appellant filed her notice of appeal on January 6, 2011, approximately six months

---

1. *See* Tex. R. App. P. 26.1(c); *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997).

2. *See* Tex Fam Code Ann. § 161.211(a) (Vernon 2008).

and thirteen days later. In her notice, appellant asserted that she did not receive notice of the termination proceedings or the termination decree and was not appointed counsel by the trial court. DFPS moved to dismiss appellant's appeal, asserting that her notice of appeal, even if construed as a notice of restricted appeal, was untimely.

As we explained in our March 11, 2011 order, appellant's notice was untimely for purposes of an accelerated appeal from the termination decree. *See* TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (Vernon Supp. 2011); *In re K.A.F.*, 160 S.W.3d 923, 924–25 (Tex.2005). However, as we further explained, and as acknowledged by DFPS in its motion to dismiss, the record before us indicated that appellant may have been seeking to pursue a restricted appeal. *See* TEX. R. APP. P. 26.1(c). We stated,

> A parent appealing a termination decree may seek to pursue a restricted appeal. *In re J.A.M.R.*, 303 S.W.3d 422, 424 (Tex.App.-Dallas 2010, no pet.); *In re N.A.F.*, 282 S.W.3d 113, 115, 115 n. 1 (Tex.App.-Waco 2009, no pet.); *see also* TEX. FAM. CODE ANN. § 161.211(a) (Vernon 2008) (providing that order terminating the parental rights of person "who was personally served" is not subject to collateral or direct attack after the sixth month after the date the order of termination was signed). Additionally, other courts have indicated that parents seeking to pursue a restricted appeal are entitled to the fifteen-day extension period in order to file their notice of appeal. *See King v. State*, No. 05–03–00936–CV, 2003 WL 21710523, at *1 (Tex.App.-Dallas July 24, 2003, no pet.) (mem. op.) (providing that, under rules 26.1 and 26.3, "the longest period of time an appellant may have to file a notice of appeal is six months and 15 days for a restricted

appeal"); *Hoge v. Griffin*, No. 14–03–00062–CV, 2003 WL 359157, at *1 (Tex. App.-Houston [14 Dist.] Feb. 20, 2003, no pet.) (mem. op.) (acknowledging, in context of restricted appeal, that motion for extension of time is necessarily implied when appellant, acting in good faith, files notice of appeal beyond time allowed by rule 26.1, but within fifteen-day grace period provided by rule 26.3 for filing motion for extension of time).

Here, the trial court signed its termination decree on June 23, 2010. The six-month period for [appellant] to file her restricted appeal ended on December 24, 2010. [Appellant] filed her notice of appeal on January 6, 2011, within the fifteen-day period following the expiration of her six-month deadline to file a restricted appeal. She subsequently filed an explanation for her late filing.

This Court then denied DFPS's motion to dismiss, abated the case, remanded it to the trial court, and ordered the trial court to find appellant indigent, appoint appellant counsel, conduct a hearing on whether a restricted appeal would be frivolous, make a finding regarding frivolousness, and make findings of fact and conclusions of law regarding any issues that appellant intended to raise in support of a restricted appeal.

After the trial court appointed counsel to represent appellant, it conducted a hearing at which appellant and her counsel appeared. The supplemental reporter's record and the supplemental clerk's record were then filed in this Court. The supplemental clerk's record reveals that the trial court found appellant's appeal to be frivolous.

In accord with our March 11, 2011 order, this Court then issued an Order of Reinstatement and Notice of Dismissal, in which we noted that, in addition to the

arguments made by DFPS in its motion to dismiss previously filed in this Court, DFPS argued in the trial court during the abatement proceedings that any attempt by appellant to pursue a restricted appeal would be unsuccessful because it was not, as required by statute, brought within six months after the date of the trial court's termination decree. *See* TEX. FAM. CODE ANN. § 161.211(a) (Vernon 2008).

In our Order of Reinstatement and Notice of Dismissal, we also noted that the supplemental reporter's record contains exhibit number one, a citation with a return of service, which states that appellant was personally served in this case on January 14, 2010 with the "original petition for protection of a child, for conservatorship and termination in suit affecting the parent-child relationship and order setting hearing." We further notified appellant that her restricted appeal could be dismissed and ordered her appointed counsel to file "a response addressing DFPS's argument that [her] restricted appeal should be dismissed...."

### Restricted Appeal

■ In her response to our Order of Reinstatement and Notice of Dismissal, appellant argues that this Court should not dismiss her restricted appeal because she filed her notice of appeal within fifteen days of the date it was due and, thus, this Court has jurisdiction over the appeal. *See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997). She further argues that because we have jurisdiction to consider her appeal, we should order "the entire record" and briefs "before determining this restricted appeal to be frivolous."

■ A restricted appeal is generally available to an appellant if she (1) filed a notice of appeal within six months of the trial court's order; (2) was a party to the underlying suit; (3) did not participate in

the hearing; and (4) can demonstrate error apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Gold v. Gold,* 145 S.W.3d 212, 213 (Tex.2004). The face of the record consists of all papers on file in the appeal including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997) (per curiam) (discussing former writ of error procedure).

We noted in our prior orders that other courts, pursuant to *Verburgt,* have indicated that parents seeking to pursue a restricted appeal may be entitled to a fifteen-day extension period in order to file their notice of appeal. *See King v. State,* No. 05–03–00936–CV, 2003 WL 21710523, at *1 (Tex.App.-Dallas July 24, 2003, no pet.) (mem. op.); *Hoge v. Griffin,* No. 14–03–00062–CV, 2003 WL 359157, at *1 (Tex. App.-Houston [14 Dist.] Feb. 20, 2003, no pet.) (mem. op.). However, none of these other courts have considered the availability of a fifteen-day extension period in the context of Texas Family Code section 161.211, which provides,

> Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of *a person who has been personally served* or who has executed an affidavit of relinquishment of parental rights or an affidavit of waiver of interest in a child or whose rights have been terminated under Section 161.002(b) is not subject to collateral or direct attack *after the sixth month after the date the order was signed.*

TEX. FAM. CODE ANN. § 161.211(a) (emphasis added).

In her response, appellant has not addressed or contested the fact that the supplemental reporter's record before us contains a citation with a return of service showing that she was personally served in

this case. DFPS presented the citation and return to the trial court during the abatement proceedings. This citation, along with the testimony provided by appellant and others during the abatement proceedings, establishes that she was in fact personally served in the proceedings below on January 14, 2010.

Although appellant suggests that we should order the entire record to consider her attempt to bring this restricted appeal, we conclude that, in the unique circumstances presented in this case, such an order is unnecessary. The record before us demonstrates that appellant was personally served and, accordingly, her attempt to bring a restricted appeal "after the sixth month after the date the order was signed" is barred by the plain language of section 161.211(a).

### Conclusion

We dismiss the appeal.