**Opinion filed November 26, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00278-CV

_____

## IN THE INTEREST OF A.P. AND A.P., CHILDREN

**On Appeal from the County Court at Law No. 2**
**Ector County, Texas**
**Trial Court Cause No. CC2-3137-PC**

### M E M O R A N D U M   O P I N I O N

Appellant, the mother of the children, attempts to appeal from two orders in a suit affecting the parent-child relationship: a written order of termination signed on July 19, 2013, and an October 7, 2014 order denying Appellant's request for a de novo hearing based upon the finality of the July 19, 2013 order. Upon docketing this appeal, the clerk of this court wrote the parties and questioned the timeliness of the notice of appeal. Appellant has filed a response, but because the notice of appeal was not timely, we dismiss the appeal for want of jurisdiction pursuant to TEX. R. APP. P. 42.3(a).

The record shows that the associate judge conducted a trial on the merits of the issue of parental termination. At the conclusion of that trial, on February 22, 2013, the associate judge made the following ruling in open court:

> After hearing the evidence, the Court finds as follows as to [Appellant] the following termination grounds have been proved by clear and convincing evidence: The D ground, conditions or surroundings of the children; the E ground, the conduct of the parents; the N ground, constructive abandonment; and the O ground, failure to comply with the provisions of the court order.
>
> Court finds that it is in the best interest of both children, [A.P.] and [A.P.], that the mother's rights be terminated.

Both Appellant and her attorney were present in court at the time of the associate judge's ruling. The associate judge did not sign a written order of termination until July 19, 2013. The written order emulated the ruling that had been made in open court on February 22.

On July 24, 2013, Appellant filed her request for a trial de novo. This request was not timely filed. *See* former TEX. FAM. CODE § 201.015(a) (2009) (which was applicable at the time of the hearing on termination and at the time the associate judge signed the order of termination). Former Section 201.015(a) provided that a party may file a request for a de novo hearing to be conducted by the referring court and that the party's request must be written and must be filed "not later than the seventh working day after the date the party receives notice of the substance of the associate judge's report."[1] Notice of the substance of an associate judge's report may be given to the parties "in open court, by an oral statement." FAM. § 201.011(c)(1). In this case, Appellant received notice of the

---

[1]We note that the current version of this subsection is identical except that it provides that the written request for a trial de novo must be filed not later than the "**third**" day after the party receives notice of the substance of the associate judge's report. FAM. § 201.015(a) (West 2014).

2

substance of the associate judge's report in open court on February 22, 2013. Appellant's July 24 request for a trial de novo was filed more than seven working days after February 22 and, thus, was untimely. *See In re B.M.A.J.*, No. 12-12-00225-CV, 2012 WL 6674428, at *2–3 (Tex. App.—Tyler Dec. 20, 2012, pet. denied) (mem. op.); *In re M.P.*, No. 04-08-00881-CV, 2009 WL 2413694 (Tex. App.—San Antonio Aug. 5, 2009, no pet.) (mem. op.); *Marshall v. Wilkes*, No. 14-02-00163-CV, 2003 WL 22232626 (Tex. App.—Houston [14th Dist.] Sept. 30, 2003, no pet.) (mem. op.); *Perez v. Tex. Dep't of Protective & Regulatory Servs.*, No. 03-00-00812-CV, 2002 WL 534138, at *3 (Tex. App.—Austin Apr. 11, 2002, no pet.) (not designated for publication).

Because Appellant's request for a trial de novo was not timely, the associate judge's order of termination signed on July 19, 2013, became a final, appealable order. *See M.P.*, 2009 WL 2413694, at *1. In a child protection case, "the proposed order or judgment of the associate judge becomes the order or judgment of the referring court by operation of law without ratification by the referring court." FAM. § 201.2041. Appellant's notice of appeal from the order of termination was therefore due to be filed within twenty days after that order was signed, which would have been August 8, 2013. *See* TEX. R. APP. P. 26.1(b), 28.4. Appellant did not file her notice of appeal until October 2014, more than one year after the deadline for filing a notice of appeal or a motion for an extension of time to file a notice of appeal. *See* TEX. R. APP. P. 26.3. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *In re J.G.*, No. 01-11-00395-CV, 2012 WL 3041311 (Tex. App.—Houston [1st Dist.] July 26, 2012, no pet.) (mem. op.); *In re W.J.B.*, No. 11-03-00407-CV, 2004 WL 1174875 (Tex.

App.—Eastland May 27, 2004, no pet.) (mem. op.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Furthermore, pursuant to Section 161.211(a) of the Family Code, "the validity of an order terminating the parental rights of a person who has been personally served . . . is not subject to collateral or direct attack after the sixth month after the date the order was signed."  FAM. § 161.211(a); *see L.J. v. Dep't of Family and Protective Servs.*, 355 S.W.3d 898 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (dismissing appeal as barred under Section 161.211(a)).  Appellant's notice of appeal in this case was filed on October 17, 2014, well beyond six months after the date that the order of termination was signed.

We dismiss this appeal for want of jurisdiction.


PER CURIAM


November 26, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4