Karen Ann GOLD, Petitioner,

v.

Richard Stephen GOLD, Jr., and Richard Stephen Gold, Sr., Respondents.

No. 03–0906.

Supreme Court of Texas.

Sept. 3, 2004.

Kent F. Brooks, Alan Wittenberg, Dallas, for petitioner.

Alan M. Glassman, Howard C. Rubin, Kessler Collins P.C., Dallas, for respondent.

PER CURIAM.

The trial court dismissed Karen Gold's bill of review because she did not file a restricted appeal first, and the court of appeals affirmed. 111 S.W.3d 799. Because we hold that a restricted appeal is not a prerequisite to a bill of review, we reverse the judgment of the court of appeals and remand to the trial court for further proceedings.

In February 2000, Karen Gold filed a Petition for Enforcement against her former husband Richard Gold, Jr., and his father Richard Gold, Sr., alleging the former had fraudulently transferred community assets to the latter in violation of the couple's settlement agreement incident to divorce. She sought an accounting, a constructive trust, and damages.

On August 10, 2000, the case was dismissed for want of prosecution. The record contains copies of two undated postcards, one addressed to each defendant's attorney, advising them of the court's intent to dismiss the case and setting a hearing date and time. There is no similar postcard addressed to Karen's attorney, and it is undisputed that her attorney did not learn of the hearing or dismissal until months later.

Karen's attorney filed a notice of vacation in the case on November 16, 2000, and a notice of an address and phone change on January 19, 2001. Neither the court nor opposing counsel ever said anything to Karen's attorney about the dismissal. Karen finally learned of the dismissal in January 2001 from an attorney working for Richard Sr. in Illinois.

Karen filed a bill of review on February 8, 2001. The trial court dismissed her bill after an evidentiary hearing, concluding that she was precluded from filing a bill of review because she did not pursue a restricted appeal. The court of appeals affirmed. *Id.*

We disagree, for both specific and general reasons. Specifically, a restricted appeal was available to Karen only if she (1) filed within six months of judgment, (2) was a party to the underlying suit, (3) did not participate in the dismissal hearing, and (4) showed error apparent on the face of the record. TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004). As she filed her bill of review two days short of six months, she could have met the first three requirements.

■ But not the fourth. We recently reaffirmed that the absence in the record of any proof that notice of intent to dismiss was sent to a party is "just that—an absence of proof of error." *Id.* at 849. Accordingly, it is not error apparent on the face of the record, and could not support a restricted appeal. *Id.* at 849–50.

Richard Jr. and Richard Sr. argue that the postcards addressed to them create a reasonable inference that Karen did not get notice. But a restricted appeal requires error that is *apparent*, not error that may be *inferred.* We hold the courts below erred in finding Karen could have pursued a restricted appeal in this case.

■ More generally, we have never held that failing to file a restricted appeal bars a bill of review. For many years, we have recognized only three prerequisites for such bills: (1) a meritorious defense, (2) that was not made due to fraud, accident, or wrongful act by an opponent or official

mistake by a clerk, and (3) unmixed with any fault or negligence of the party filing the bill. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex.1999) (per curiam); *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998); *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex.1979). Failure to file a restricted appeal could only be relevant to the last, and then only if it constituted fault or negligence.

We hold it does not. If a motion to reinstate, motion for new trial, or direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would not be negligence. But the same cannot be said about choosing to appeal by bill of review rather than a restricted appeal, for several reasons.

■ First, a bill of review allows trial courts to rectify their own errors, eliminating the need for lengthy appellate review. Second, all facts may be considered, not just those appearing on the face of the record. *Compare Caldwell*, 975 S.W.2d at 537 (bill of review considering process server's post-judgment affidavit), *with Stankiewicz v. Oca*, 991 S.W.2d 308, 312 (Tex. App.-Fort Worth 1999, no writ) (restricted appeal refusing to consider post-judgment proof that service address was incorrect). Third, discovery is available to find out what all the facts are. *See, e.g., Hesser v. Hesser*, 842 S.W.2d 759, 765 (Tex.App.-Houston [1st Dist.] 1992, writ denied) (considering defendant's deposition admission that she ignored legal notices sent to her). Finally, it avoids the need to follow both avenues of appeal seriatim. *See Gen. Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 n. 2 (Tex.1991) (reversing restricted appeal as failure to give notice of intent to dismiss was not apparent on face of record, but noting that defendant could raise same complaint by filing bill of review).

It is true we have sometimes stated that relief by bill of review is available "only if a party has exercised due diligence in pursuing all adequate legal remedies ... [and not] [i]f legal remedies were available but ignored." *Wembley*, 11 S.W.3d at 927; *Caldwell*, 975 S.W.2d at 537–38; *see also Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980); *French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967). But a party is not "ignoring" its remedies when it chooses one appellate avenue rather than another. We have never included a restricted appeal among the "adequate legal remedies" a bill of review claimant must pursue; we have only applied this rule to motions that could have been filed in the trial court's first proceeding. *Rizk*, 603 S.W.2d at 775 (holding bill of review unavailable as claimant filed timely motion to reinstate and pursued appeal on his alleged failure to receive notice of intent to dismiss); *French*, 424 S.W.2d at 894–95 (holding bill of review unavailable to claimant who timely filed motion for new trial but never appealed when it was denied by operation of law).

■ In addition to her failure to file a restricted appeal, the trial court found two other reasons for dismissing Karen's bill of review. First, the court found that dismissal of the underlying case resulted at least in part from her own negligence. While the parties disputed whether she might have prosecuted her case more diligently, in any event she was entitled to notice and an opportunity to be heard before it was dismissed. *Villarreal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex.1999). As it is undisputed she got neither, the dismissal was erroneous.

■ Finally, the trial court found that Karen failed to exercise diligence in discovering the case had been dismissed, based on an objection she received from

Richard Sr. In his original answer filed four months before the dismissal, Richard Sr. pleaded that the court had no subject matter jurisdiction over the action asserted against him because he was not a party to the divorce decree for which enforcement was sought. On August 18, 2000, Karen's attorney sent interrogatories that attempted to skirt the issue on the basis that they were "in aid of judgment." *See* TEX.R. CIV. P. 621a. Richard Sr. moved to quash on September 18, 2000, objecting that there was no judgment *against him,* no suit pending *against him,* that he was not a proper party, and that the interrogatories were irrelevant, overbroad, and burdensome. The response mentioned nothing about dismissal of the entire case.

Without the benefit of hindsight, these objections only repeated Richard Sr.'s objections to the court's jurisdiction. Karen had no duty to find out more about the status of the case until she had some reason to suspect it had been dismissed. *See Wembley,* 11 S.W.3d at 927 (holding failure to obtain ruling on motion for new trial was not lack of due diligence when attorney had no reason to know default had become final).

Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment and remand the case to the trial court for proceedings consistent with this opinion. TEX. R. APP. P. 59.1.