NO. 07-05-0107-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 17, 2006


______________________________



MICHAEL LOU GARRETT, 



 Appellant


v.



MARIO A. DEL FIERRO, et al., 



 Appellees

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 91,954-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Michael Lou Garrett (Garrett) appeals from an order dismissing his lawsuit against
Mario A. Del Fierro, and numerous other defendants. A prison inmate, Garrett sued as a
pauper averring "multiple civil rights causes of action." Through the five issues before us,
he contends that the trial court abused its discretion in dismissing his suit and denying him
sanctions. We overrule the issues and affirm the dismissal.

 An inmate attempting to access the state trial courts of Texas as a pauper must
clear various statutory hurdles. One such hurdle involves exhausting administrative
remedies and filing suit within 31 days after receiving the written decision from the pertinent
grievance system. Tex. Civ. Prac. & Rem. Code Ann. §14.005(b) (Vernon 2002). Should
that deadline go unsatisfied, then the trial court must dismiss the claim. Id. Here, Garrett
concedes that he did not file suit until 54 days had lapsed from the time he received the
written decision of the body that considered his grievance. Thus, he did not comply with
§14.005(b), and dismissal was warranted. Moreover, his suggestion that the provision was
inapplicable because his suit propounded federal causes of action and only the State's
general statute of limitations applied to such causes matters not. Simply put, §14.005(b)
is not a statute of limitations but rather one step in a procedure used in determining
whether an inmate can sue as a pauper. Doyle v. Lucy, No. 14-03-0039-CV, 2004 Tex.
App. LEXIS 2790 (Tex. App.-Houston [14th Dist.] March 30, 2004, no pet.) (not designated
for publication) (holding that the statute is not one of limitations). Consequently, Garrett's
postulations about statutes of limitation are inapposite.

 Next, Garrett argues that the trial court abused its discretion in acting upon the
motion to dismiss without affording him opportunity to respond to it. Assuming arguendo
that such was error, we find it harmless given his concession that suit was filed outside the
31-day window mentioned above. 

 As to the issue that the trial court abused its discretion in failing to sanction the
defendants, we note that they were the prevailing party below. Not only did the trial court
grant their motion to dismiss, but we have found that decision to be an act legitimately
within the trial court's discretion. Given this, any decision to forego sanctioning the
defendants for purportedly filing a baseless motion lay within the trial court's discretion.

 To reiterate, we overrule each issue raised by Garrett and affirm the order of
dismissal.


 Brian Quinn

 Chief Justice



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00370-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
20, 2010

 



 

IN THE INTEREST OF J.D.O., JR., A CHILD



 



 

 FROM THE 320TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 74,608-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER OF ABATEMENT

 

By letter of September 28, 2010, the
Court notified appellant JaMario Oliver, Sr. that
the filing fee for his appeal had not been paid.  The filing fee was paid October 8, 2010.

Reviewing the limited documents
currently before us, we note the trial courts order terminating appellants
parental rights was signed July 30, 2010. 
Notice of appeal was filed with the trial court on September 22.  The notice states it was forwarded on
September 15.  No motion for extension of
time to file notice of appeal was filed. 
See Tex. R. App. P. 26.3.

An appeal from an order terminating
the parent-child relationship is accelerated and governed by the rules for
accelerated appeals in civil cases.  Tex. Fam. Code Ann. § 109.002(a) (Vernon 2009).  Absent a motion for extension of time, the
notice of appeal in an accelerated appeal must be filed within twenty days
after the order is signed.  Tex. R. App. P. 26.1(b) and 26.3; In re K.A.F., 160 S.W.3d 923, 926-27 (Tex. 2005).  Under those rules, appellants notice of
appeal must have been placed in the prison mail system by August 19.  See
Ramos v. Richardson, 228 S.W.3d 671,
673 (Tex. 2007) (per curiam); Warner v. Glass, 135 S.W.3d 681, 686 (Tex. 2004) (per curiam) (both finding pleadings filed when received for
mailing by prison authorities); Tex. R. Civ. P. 5 (mailbox rule). 

            If
a notice of appeal is filed within six months of the day the order or judgment
appealed is signed, a restricted appeal is available provided the appellant:
(1) filed notice of appeal within six months of the district courts order; (2)
was a party to the underlying suit; (3) did not participate in the dismissal
hearing; and (4) can demonstrate error apparent on the face of the record.  See
Tex. R. App. P. 26.1(c) and 30; Gold v.
Gold, 145 S.W.3d 212, 213 (Tex. 2004). 
An order terminating the parental rights of a person who was personally
served is not subject to collateral or direct attack after the sixth month
after the date the order of termination was signed.  Tex. Fam. Code Ann. §
161.211(a) (Vernon 2008).  Here,
the order states appellant received proper notice of the termination hearing
but wholly made default.   

We do not have jurisdiction over an
untimely appeal. See In re K.A.F., 160 S.W.3d at 927. We are obligated to review on our own
motion issues affecting jurisdiction.  M.O. Dental Lab v. Rape,
139 S.W.3d 671, 673 (Tex. 2004) (per curiam).  It appears appellants notice of direct
appeal may be untimely but also appears it might suffice as a notice of
restricted appeal.[1]  See
Tex. R. App. P. 30.  

The appeal is abated until further
order of the Court.  Appellant and appellee Texas Department of Family and Protective Services
are each directed to file a brief and any supporting materials addressing the
following issues: (1) whether a jurisdictional basis for treating appellants
case as a direct appeal exists; (2) whether a jurisdictional basis for treating
appellants case as a restricted appeal exists. 
Briefs and any supporting materials must be actually received by the clerk
of this Court no later than Friday, November 10, 2010.  Any document a party submits for filing with
the clerk of the Court shall be served on the other party, and proof of service
shown by a certificate on the document. 
Tex. R. App. P. 9.5.  The Court
will then determine its jurisdiction over the appeal.

            It is so
ordered.

                                                                                    Per
Curiam      

 

 











[1] It appears appellant did not timely file a statement
of the point or points to be appealed as required by Family Code § 263.405(b)(2),(i). Because our only inquiry
at this stage is our jurisdiction, we do not address that matter.