NUMBER 13-05-353-CV

COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG






HD MECHANICAL, INC. Appellant,


v.


ENRIQUEZ ENTERPRISES, INC. Appellee.

 





On appeal from the 107th District Court

of Cameron County, Texas.






DISSENTING MEMORANDUM OPINION (1)


Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo


 This is a restricted appeal of a no-answer default judgment. (2) The parties do not
dispute that appellant HD Mechanical, Inc. has met the first three requirements of a
restricted appeal. See Tex. R. App. P. 26.1(a), 30; Gold v. Gold, 145 S.W.3d 212,
213 (Tex. 2004) (citing Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex.
2004)). However, the parties dispute that HD has demonstrated "error is apparent on
the face of the record," the fourth requirement. See id. The majority finds error on
the face of the record, concluding that the process server was not authorized to serve
citation prior to the trial court's order dated November 30, 2004. Contrary to the
majority's holding, I conclude that the face of the record does not affirmatively
demonstrate that the process server was not authorized to effect service on the dates
(prior to November 30, 2004) indicated in the affidavit of due diligence. See Tex. R.
Civ. P. 106(b). Thus, I respectfully dissent. 

 The record is silent with respect to the process server's authority to serve on
the dates submitted in support of the due diligence affidavit for rule 106(b) service. 
See Tex. R. Civ. P. 106(b). The absence of proof that the process server was not
authorized to serve prior to November 30, 2004 is "just that - an absence of proof of
error." See Gold, 145 S.W.3d at 213 (quoting Lynda's Boutique, 134 S.W.3d at
849). Accordingly, HD has not demonstrated error apparent on the face of the record,
and the claimed error does not support a restricted appeal. See id. (citing Lynda's
Boutique at 849-50). Thus, I would affirm the no-answer default judgment. Because
the majority does not address the remaining issues, I need not do so. See Tex. R. App.
P. 47.1.

 ERRLINDA CASTILLO

 Justice


Dissenting Memorandum Opinion 

delivered and filed on August 10, 2006.






 

 


1. See Tex. R. App. P. 47.1, 47.4.
2. The trial court reviewed the motion for default judgment, considered the evidence, took judicial
notice of the file, and entered a no-answer default judgment. Appellant HD Mechanical, Inc. does not
dispute that it received service of citation by alternate service after the trial court granted a motion that
affixed the process server's due diligence affidavit of attempted service. See Tex. R. Civ. P. 106(b).
Rather, by its first issue, HD complains that alternate service was improper and, thus, of no effect
because the process server was not authorized to serve citation on the dates personal service efforts
failed. Appellee Enriquez Enterprises, Inc. counters that alternate service of citation was lawfully
effected and, thus, HD did not and cannot prove error on the face of the record.