Affirmed and Memorandum Opinion filed August 6, 2009








Affirmed and Memorandum Opinion filed August 6, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00063-CV

____________

 

C. DALE LANGSTON AND SUE LANGSTON, Appellants

 

V.

 

CITY OF HOUSTON, HARRIS COUNTY,
PASADENA INDEPENDENT SCHOOL DISTRICT, AND SAN JACINTO COMMUNITY COLLEGE, Appellees

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 2006-76672

 



 

M E M O R A N D U M   O P I N I O N








This appeal arises out of a bill-of-review case brought by
two taxpayers who had an adverse judgment rendered against them in delinquent-property-tax
litigation.  The trial court granted the taxing authorities= summary judgment
motion  and dismissed the taxpayers= bill-of-review
action.  Under the circumstances of this case, the requirement that the
taxpayers be free from fault or negligence is negated as a matter of law by
their failure to pursue a direct appeal of the judgment in question.  The
taxpayers failed to preserve error as to their argument regarding an alleged
constitutional violation.  Accordingly, we affirm the trial court=s summary
judgment.  

                        I.  Factual and Procedural
Background

In a prior suit in the trial court below,
appellees/defendants City of Houston, Harris County, Pasadena Independent
School District, and San Jacinto Community College (hereinafter collectively
the ATaxing Authorities@) sought to
collect delinquent property taxes on real property owned by
appellants/plaintiffs C. Dale Langston and Sue Langston (hereinafter
collectively the ALangstons@).  In September
2001, the Langstons were served with process in the suit.  The Langstons did
not retain legal counsel and instead represented themselves.  According to Mr.
Langston=s affidavit, after
receiving notice of the trial setting in this suit, the Langstons contacted one
of the opposing counsel to let them know that Mr. Langston was currently in a
hospital in the Phillippines.  The unnamed attorney allegedly told the
Langstons that they Adid not need to attend the hearing because
they would only be reviewing tax accounts and nothing would be final.@  The Langstons
did not appear at the trial before the tax master on April 30, 2002, and based
on the master=s recommendation, the trial court signed a judgment on
June 13, 2002 against the Langstons and in favor of the Taxing Authorities (the
AJudgment@).  The Langstons
then retained counsel and timely filed a motion for new trial, which was
overruled by operation of law.  The Langstons did not pursue an appeal from the
Judgment

About three and a half years later, on December 4, 2006,
the Langstons filed this action in the trial court seeking to set aside the
Judgment by means of an equitable bill of review.  The Taxing Authorities filed
traditional motions for summary judgment asserting various grounds.  The trial
court granted summary judgment in favor of the Taxing Authorities on the ground
that the Langstons= failure to pursue a direct appeal from
the Judgment precluded them as a matter of law from obtaining relief in the
bill-of-review action.  The Langstons now
challenge the trial court=s traditional summary judgment in favor of
the Taxing Authorities.








                                                    II.  Analysis 

In a traditional motion for summary judgment, if the movant=s motion and summary-judgment
evidence facially establish its right to judgment as a matter of law, the
burden shifts to the nonmovant to raise a genuine, material fact issue
sufficient to defeat summary judgment.  M.D. Anderson Hosp. & Tumor
Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo
review of a trial court=s summary judgment, we consider all the
evidence in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not.  Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence raises a genuine
issue of fact if reasonable and fair-minded jurors could differ in their
conclusions in light of all of the summary-judgment evidence.  Goodyear Tire
& Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  

A.      Does the taxpayers= failure to pursue a direct appeal
from the judgment preclude the setting aside of the judgment through an
equitable bill of review?








Under their first issue, the Langstons argue that the
summary-judgment evidence raises a genuine issue of material fact as to each of
the essential elements that the Langstons needed to prove to obtain relief
under an equitable bill of review.  The Langstons were served with process in
the property-tax collection suit.  They had notice of the trial setting.  They
were aware of the trial court=s rendition of the Judgment.  The
Langstons timely filed a motion for new trial; however, they did not pursue a
direct appeal of the Judgment.  Though the Langstons allege that an opposing
attorney made a fraudulent representation that prevented them from attending
the trial in the tax-collection suit, the Langstons do not allege that they
were prevented from pursuing a direct appeal from the Judgment by any fraud,
accident, or wrongful act of the Taxing Authorities.  Under these
circumstances, the requirement that the Langstons be free from fault or
negligence is negated as a matter of law, and the trial court properly granted
summary judgment in favor of the Taxing Authorities.  See French v. Brown,
424 S.W.2d 893, 895 (Tex. 1967) (affirming summary judgment in favor of
bill-of-review-action defendants under these circumstances); Nguyen v.
Intertex, Inc., 93 S.W.3d 288, 295B96 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (same).  Accordingly, we overrule the Langstons= first issue.

B.      Did the
Supreme Court of Texas in Gold v. Gold change the law so that parties
eligible for bill-of-review relief are not required to file a restricted
appeal?

Under their second issue, the Langstons point out that, to
be eligible for bill-of-review relief, they were not required to file a
restricted appeal.  At oral argument, the Langstons argued that the Supreme
Court of Texas, in Gold v. Gold, changed the law so that parties in the
position of the Langstons no longer need to pursue a direct appeal.  See
Gold v. Gold, 145 S.W.3d 212, 213B14 (Tex. 2004)
(per curiam).  We disagree.  The Gold court expressly reaffirmed a line
of cases providing that relief by a bill of review is available Aonly if a party
has exercised due diligence in pursuing all adequate legal remedies . . . [and
not] [i]f legal remedies were available but ignored.@  Id. at
214 (quoting Wembley Inv. Co. v. Herrerra, 11 S.W.3d 924, 927 (Tex.
1999) (per curiam)).  However, the Gold court concluded that this line
of cases does not apply to the failure to file a restricted appeal.  See id.
at 213B14.  Because the
Langstons filed a timely motion for new trial, they were unable to pursue a
restricted appeal.  See Tex. R.
App. P. 30.  Although the Langstons did not have to file a restricted
appeal to be eligible for an equitable bill of review, the Gold court
did not change the requirement that parties in the Langstons= situation have to
pursue a direct appeal to be eligible for an equitable bill of review.  See
Gold, 145 S.W.3d at 213B14.  Accordingly, we overrule the
Langstons= second issue.








C.      Did the taxpayers preserve error as to their
constitutional argument?

Under their third issue, the Langstons argue that the
Taxing Authorities= purported double taxation of the
Langstons= real property violates article 8, section 1 of the
Texas Constitution.  See Tex.
Const. art. VIII, ' 1.  The Langstons also argue that equity
demands that a remedy be made to enforce their constitutional right to be free
from double taxation.  Though the Langstons argue otherwise in their reply
brief, the record reflects that they did not voice these complaints in the
trial court.  While they mentioned the alleged double taxation, they did not
mention the Texas Constitution or any alleged constitutional violation, nor did
they argue that equity must provide a remedy.  Therefore, they failed to
preserve error as to the third issue.  See Tex. R. App. P. 33.1(a); see, e.g., In re L.M.I.,
119 S.W.3d 707, 711 (Tex. 2003) (holding that, to preserve issue for appellate
review, including constitutional error, party must present to trial court
timely request, motion, or objection, state specific grounds therefor, and
obtain ruling).

In their reply brief, the Langstons assert that, if this
court concludes error was not preserved, then this court should review the
issue under the doctrine of fundamental error.  The Supreme Court of Texas,
however, has concluded that, in the context of civil appeals, fundamental error
is a narrow doctrine.  See In re B.L.D., 113 S.W.3d 340, 350B52 (Tex. 2003). 
The alleged constitutional violation that the Langstons assert in their third
issue does not fall within the narrow scope of the fundamental error doctrine
recognized by the Supreme Court of Texas.  See id.  Therefore,
fundamental error does not apply to the Langstons= constitutional
complaint.  See id.   Because the Langstons failed to preserve error, we
overrule their third issue. 








Having overruled all of the Langstons= issues, we affirm
the trial court=s judgment. 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel
consists of Justices Frost, Seymore, and Boyce.