**Affirmed and Majority and Concurring Opinions filed September 29, 2016.**



In the

# Fourteenth Court of Appeals

### NO. 14-15-00925-CV

## IN THE INTEREST OF R.S.T., A CHILD

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2011-54295**

## M A J O R I T Y   O P I N I O N

The Office of the Attorney General of Texas (OAG) brings this restricted appeal challenging the validity of a modified support order. Because the alleged error cannot be determined from the face of the record, we affirm.

## Factual and Procedural Background

In 2001, a Louisiana state district court issued a judgment adjudicating Patrick Bedford as R.S.T.'s biological father and ordering Bedford to pay $152.00 in child support each month to R.S.T.'s mother. The record indicates that a notice of registration of this Louisiana order was filed in the Texas trial court in 2011.

The notice stated that Bedford had accrued $18,394.84 in child-support arrearages under the Louisiana order. OAG filed a motion to confirm the support arrearages, requesting that the trial court enter judgment in favor of OAG and order Bedford to pay the amount in arrears. The trial court granted OAG's motion and issued its order confirming support arrearages. The trial court confirmed that, pursuant to Louisiana's support order, Bedford was in arrears in the amount of $21,584.00 and rendered judgment in favor of the Texas Attorney General for that amount. The trial court also ordered Bedford's employer to withhold income from Bedford's paychecks for payment of child-support arrearages.

Bedford filed a motion for new trial, requesting that the trial court set aside the arrearages judgment against him. In his motion, Bedford stated that he had asked for DNA testing in the matter because he did not believe that he was R.S.T.'s father. The trial court granted Bedford's motion for new trial. OAG subsequently filed a notice of nonsuit concerning its previous motion to confirm support arrearages.

Over two years later, Bedford filed a motion to modify child support deductions. Bedford's motion alleged the following:

1. The circumstances of the child or a person affected by the order providing for the support of the child have materially and substantially changed since the rendition of the order to be modified and the current child support order is not in the best interest of the child nor the father. The Court is requested to modify the child support order to provide that child support deductions taken from the paycheck of Respondent PATRICK EUGENE BEDFORD be stopped.

2. The above-styled and numbered case concerning a Motion to Confirm Arrearages was non-suited on April 3, 2012, after Mr. Bedford was found **not** the biological father of the child the subject of this suit.

3. Despite the non-suit of the case and Respondent being not adjudicated as father, the Attorney General's Office continues to deduct child support payments from Respondent's paychecks on a regular basis.

In his prayer, Bedford requested that the trial court order OAG to stop the deduction of child support payments from his paycheck. The trial court held a hearing on Bedford's motion to modify. OAG did not participate in the hearing, although it had previously answered and moved to dismiss Bedford's motion.

On August 10, 2015, the trial court issued its "Order in Suit to Modify Child Support Withholding." The trial court found that it had jurisdiction over the case and all parties; that no other court had continuing and exclusive jurisdiction over the case; and that all persons entitled to citation were properly cited. The order also stated that OAG did not appear at the hearing on the motion. Under "Findings," the order stated:

> The Court finds that the material allegations in Respondent's petition to modify are true. IT IS ORDERED that the requested modification is GRANTED, as Respondent was never properly served with citation in regards to the claim for child support registration in Texas of the Louisiana child support order.
>
> It is therefore, ORDERED, ADJUDGED and DECREED that the Harris County Auditor's Office stop all child support arrearages withholding regarding the above-styled case from Respondent PATRICK EUGENE BEDFORD'S Harris County, Texas paychecks.

Eleven weeks after the court issued its order, on October 26, 2015, OAG filed a notice of restricted appeal.

## Analysis

In order to succeed on a restricted appeal, an appellant must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the

3

hearing that resulted in the judgment complained of and did not timely file any post judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *In re Marriage of Butts*, 444 S.W.3d 147, 150 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *see* Tex. R. App. P. 30.[1] The trial court's modification order indicates that OAG has satisfied the first three requirements of a restricted appeal. We now consider whether OAG has satisfied the fourth requirement by demonstrating that error is apparent from the face of the record.

OAG's primary argument is that the trial court did not have jurisdiction to issue an order modifying a registered foreign support order from Louisiana. However, it is not apparent from the record before us that the trial court's order was intended to modify that particular order. In fact, the trial court's order does not indicate which child support order associated with trial court cause number 2011-54295 it sought to modify. OAG assumes that the order seeks to modify the Louisiana support order that it registered with the trial court in 2011. The trial court's modification order makes one specific finding of fact—that Bedford was not properly served with the Louisiana support order. However, Bedford's motion to modify does not mention the Louisiana support order. Rather, Bedford complains that OAG continued to deduct child support payments from his paycheck "despite the non-suit" of the "case concerning a Motion to Confirm Arrearages." Bedford appears to be attacking the Texas trial court's prior support

---

[1] "A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Texas Rule of Appellate Procedure 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c)." Tex. R. App. P. 30. Rule 26.1(c) provides that notice of a restricted appeal must be filed within six months after the judgment being appealed is signed. *Id.* 26.1(c).

order, not the Louisiana support order. Because the motion to modify and the court's order granting the motion differ, it is not clear which support order the trial court asserted its jurisdiction over, much less whether that jurisdiction was erroneously asserted. OAG asks this court to infer from the conflicting motion and order not only that the trial court modified the Louisiana support order, but also that it erred in doing so. However, "a restricted appeal requires error that is *apparent*, not error that may be *inferred*." *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (per curiam) (emphases in orig.). The jurisdictional error alleged cannot be determined from the face of this record. We overrule OAG's issue.

## Conclusion

We affirm the judgment of the trial court.

/s/     Marc W. Brown
        Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown (Frost, C.J., concurring).