

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00117-CV

CHESTER T. CARTHEL D/B/A CARTHEL ENGINEERING SOLUTIONS, APPELLANT

V.

ROBERT AND LINDA NEIDERT, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2017-526,408, Honorable William C. Sowder, Presiding

January 15, 2020

## DISSENTING OPINION

Before PIRTLE and PARKER and SCHAAP[1], JJ.

Because I would hold that, in this restricted appeal, error is not apparent on the face of the record, I would affirm the judgment of the trial court. I therefore respectfully dissent.

I agree with the majority's conclusion that, in the present case, the only disputed element is whether error is apparent on the face of the record. I also agree with its

---

[1] Honorable Dan Schaap, Judge, 47th District Court, sitting by assignment.

recitation of the applicable law. Thus, if the face of the record shows that Carthel was a licensed professional engineer at the time he rendered services for the Neiderts, then a certificate of merit was required. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 150.001(1-c) (defining licensed or registered professional), 150.002 (West Supp. 2019) (certificate of merit requirement). In the absence of a certificate of merit filed by the Neiderts, Carthel was entitled to wait until thirty days after a certificate of merit was filed to file his answer. *Id.* § 150.002(d). And, if Carthel had no obligation to file an answer, the trial court was not authorized to render judgment by default. TEX. R. CIV. P. 239. It is apparent the majority's analytical construct depends wholly on the face of the record establishing Carthel's status as a licensed professional engineer. But I do not believe that this status is apparent on the face of the record. *See Gold v. Gold,* 145 S.W.3d 212, 213 (Tex. 2004) (per curiam) ("a restricted appeal requires error that is *apparent*, not error that may be *inferred.*" (emphasis in original)).

In order to reach its conclusion, the majority, contrary to *Gold,* must resort to speculation. Essential to the court's analysis and conclusion are allegations in the Neiderts' petition that a property inspector discovered foundation cracks and recommended a further inspection by a "qualified professional," and that the Neiderts' realtor hired Carthel to perform a "structural evaluation." The property inspector's report, attached as an exhibit to the petition, states the inspector found "an indication of possible shifting/settling of the foundation and or wall structure . . . ." He "[r]ecommend[ed] further evaluation by a *professional contractor.*" (emphasis added). From these pleading allegations and the fact that Carthel was "doing business as Carthel Engineering Solutions," the majority concludes, "it is apparent that [the Neiderts'] claim against Carthel

2

was based on services he provided in his capacity as a licensed engineer." These assumptions are insufficient to establish that Carthel is a licensed professional engineer and, consequently, fail to establish that he was entitled to a certificate of merit. We may not speculate and, because this a restricted appeal, we are prohibited from relying on inferences. *Gold,* 145 S.W.3d at 213; *see Lozano v. Lozano,* No. 04-12-00361-CV, 2013 Tex. App. LEXIS 792, at *5-6 (Tex. App.—San Antonio Jan. 30, 2013, no pet) (mem. op.) (declining appellant's request to apply "common sense" based on postal procedures and infer that answer was timely postmarked for filing by mail when record contained no evidence of when answer was mailed). Yet, the majority looks beyond the face of the record to reach its conclusion.

Because the face of the record does not establish Carthel's status as a licensed professional engineer, it likewise does not show that he was excused from filing an answer under section 150.002(d). The trial court, therefore, did not err in rendering judgment by default against Carthel. Based on the foregoing discussion, I respectfully dissent.

Judy C. Parker
Justice