In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-19-00345-CV**

**BRADLEY B. MILLER, Appellant**

**V.**

**VIRGINIA TALLEY DUNN, Appellee**

_____

**On Appeal from the 330th District Court**
**Dallas County, Texas**
**Trial Cause No. DF-18-06546**
_____

**MEMORANDUM OPINION**

In 2018, Bradly B. Miller sued Virginia Talley Dunn seeking to set aside a decree signed earlier, in 2014, in Miller's and Dunn's divorce. The trial court dismissed Miller's Petition because it did not allege facts sufficient to show that the trial court would be allowed to submit his claims of fraud to a jury even if the factual allegations in his Petition on his claim of fraud are true. Miller appealed, and he

1

raises nine issues for our review. For the reasons explained below, we conclude Miller's issues lack merit.

Background

In 2014, the trial court signed a decree finalizing the Miller-Dunn divorce in trial court cause number DF-13-02616.[1] The decree granted Dunn's request for a divorce, divided the couple's marital estate, and ordered Miller to pay child support. The trial court signed the decree after the attorneys representing Miller and Dunn announced they had settled the parties' dispute in the divorce at mediation. After the trial court signed the decree, Miller never filed any post-judgment motions while the trial court still had jurisdiction over the decree in which he complained about the terms of the divorce. And Miller did not file an appeal from the decree.

In 2018, Miller (representing himself without the benefit of an attorney) filed the Petition at issue here. In the Petition, Miller collaterally attacked the decree and asked the trial court to set it aside. To avoid the settlement that resulted in the trial court's approval of the decree, Miller alleged his settlement with Dunn was involuntary because, by the mediation, he had run out of money to pay for an attorney to contest the issues he now seeks to dispute in a trial. Miller also alleged

---

[1]The Texas Supreme Court transferred Miller's appeal from the Dallas Court of Appeals to the Beaumont Court of Appeals in a docket equalization order. *See* Tex. Gov't Code Ann. § 73.001 (Authority to Transfer); Tex. R. App. P. 41.3 (transferee court must apply the precedent of the transferring court).

that during the mediation, he was badgered into signing the settlement agreement by his attorney and by the mediator.

Miller's Petition includes allegations of fraud. He claimed that Dunn and the trial court conspired to deprive him of his right to a fair hearing on the issues in the divorce.[2] And in the Petition, Miller complains the division achieved in the decree of the couple's property is not fair because it left him with little money, "no home[,]" and "no assets." Yet Miller has never claimed the terms he agreed to in the settlement agreement vary from the terms in the decree. He attempts to avoid the effect of his settlement, however, by claiming in his pro se Petition that he was under duress when he signed the agreement that resulted in the settlement of the disputed issues in his divorce.

Over a year later, Dunn moved to dismiss Miller's Petition. She claimed that Miller failed to pursue the remedies available to him in 2014 to complain about the alleged unfairness of the decree. No witnesses testified during the hearing, but Dunn acknowledged in the hearing when he was asked that he never filed an appeal from the decree.

After the trial court heard the arguments, it signed an order dismissing the Petition, awarded Dunn $1500 in attorney's fees, and denied "all relief requested in

---

[2]*See* Tex. Fam. Code Ann. § 153.312 (providing the periods of possession for the possessory conservators who reside less than 100 miles apart).

3

this case and not expressly granted[.]" A few days later, Miller asked the trial court to reduce the court's findings to writing. The trial court complied. Among the written findings, the trial court found that Miller failed to exhaust the legal remedies available that were available to him in 2014 because he never filed a post-judgment motion or an appeal in which he complained about any of the terms in the final decree. The trial court's written findings explain that the $1500 the trial court awarded in attorney's fees to Dunn was because Miller's claim is frivolous and was filed to harass Dunn.

Following Miller's appeal, he filed a brief in which he raises nine issues for our review. In issues one and two, Miller argues the trial court erred by dismissing his Petition because his allegations about Dunn committing acts of fraud, if true, would allow him to obtain a judgment that would allow the trial court to void the final decree. In issue three, Miller argues the trial court erred by dismissing his Petition for want of prosecution.[3] In issues four through eight, which we will discuss together, Miller argues Dunn and the trial court failed to comply with the procedural requirements in Rule 91a of the Texas Rules of Civil Procedure before dismissing his case.[4] In issue nine, Miller argues the sanction of $1500 is excessive because he cannot afford to pay it due to his indigence.

---

[3]*See* Tex. R. Civ. P. 165a.1 (Dismissal for Want of Prosecution).
[4]*See also id*. 91a (Dismissal of Baseless Causes of Action).

Analysis

Miller's first two issues argue that his Petition alleges facts that, if true, are sufficient to demonstrate that he is entitled to a judgment voiding the decree. We review a trial court's dismissal for a party's failure to plead a claim de novo.[5] When a trial court dismisses a suit on the pleadings, we take the allegations in the pleadings as true and decide whether, from the allegations in the petition, it contains facts that if true support each of the elements of the plaintiff's cause of action.[6] When collaterally attacking a former judgment in a bill of review, petitioner must allege and prove that he "exercised due diligence in pursuing all adequate legal remedies against the former judgment and, through no fault of [his] own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party."[7]

Miller claims his Petition alleges enough facts to support his claim asserting the decree should be set aside for fraud. We disagree. When the trial court heard Dunn's motion, Miller acknowledged he never moved for a new trial, or filed an appeal complaining about the decree after the trial court, in 2014, signed it. Turning next to Miller's Petition, nothing in it alleges that Dunn is the person who prevented

---

[5]*See Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998); *Carter v. Abbyad*, 299 S.W.3d 892, 895 (Tex. App.—Austin 2009, no pet.).
[6]*Id.*
[7]*Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam).

5

Miller from raising the claims he wanted to raise to protect his rights in the divorce promptly after the trial court signed the decree. Instead, Miller's Petition alleges facts that show he could have raised his claims in 2014 before he allowed the decree to become final. For example, he alleged he was pressured in the mediation into settling but these are facts he knew at that time. He never alleged, that even assuming it is true, the property Dunn sold in an art exhibition three days after the parties' divorce belonged to the couple or whether, instead, it is simply money Dunn earned in commissions based on her exhibition of another's art. Miller knew what rights he wanted as compared to those he received on or before the date the decree became final.

On appeal, Miller fails to explain how he could amend his Petition to cure these holes in his Petition, or how whatever additional facts he could allege if allowed to amend that would show that he could in good faith allege facts sufficient to establish the elements of his claim that Dunn's fraudulent conduct prevented him from exercising diligence to protect his rights in 2014. Instead, in his brief, Miller relies on the same excuses he relied on in the hearing that occurred on Dunn's motion to dismiss. But these excuses for not protecting his rights by not filing an appeal from the decree do not aid him because regardless of his legal sophistication or

6

inability to afford an attorney, all litigants must comply with the procedures that apply to those who litigate disputes in a court.[8]

Under Texas law, a litigant who ignores post-judgment remedies does so at his peril since his failure to protect his rights through the available remedies he has before a judgment becomes final makes obtaining relief from the effect of a former judgment in a bill of review proceeding unavailable.[9] Under the circumstances in this record, we cannot imagine how Miller's failure to protect his legal rights by pursuing an appellate remedy in a timely fashion in 2014 was not negligence that now operates to prevent Miller from collaterally attacking the former judgment in a bill of review.[10]

In issue three, Miller argues the trial court abused its discretion by dismissing his Petition for want of prosecution. The trial court, however, did not dismiss Miller's Petition because he failed to prosecute the suit. Instead, the order dismissing Miller's case reflects the trial court dismissed the Petition because Miller "is not entitled to a bill of review[.]" Nothing in the trial court's order suggests the trial court dismissed the Petition because Miller failed to prosecute the lawsuit.[11]

---

[8]*See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.").

[9]*Wembley*, 11 S.W.3d at 927.

[10]*Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004).

[11]*See* Tex. R. Civ. P. 165a (Dismissal for Want of Prosecution).

In issues four through eight, Miller makes several arguments to support his argument claiming the trial court ignored the procedural requirements in Rule 91a when it dismissed his suit.[12] But Dunn's motion to dismiss was not based on Rule 91a. Her motion does not cite Rule 91a as a basis supporting her motion, and nothing in the trial court's order or its written findings reflect the trial court treated Dunn's motion as a motion for a dismissal under Rule 91a.

Even had Dunn cited Rule 91a in her motion, however, the record shows Miller never lodged a timely objection or complaint before the trial court lost its plenary power over the order of dismissal that it signed dismissing Miller's petition in August 2019.[13] Generally, to preserve a complaint for a later appeal, the party must both object and obtain a ruling from the trial court on the objection before the complaint is preserved for appeal.[14] Because to timely objections are in the record to show the trial court was aware of Miller's claim that it had not complied with Rule 91a in ruling on Dunn's Motion or complaining about Dunn's alleged failure to

---

[12]*Id*. 91a.1.

[13]By then, the trial court no longer had plenary jurisdiction over the order of dismissal it signed on August 2, 2019. *L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996) ("The trial court's plenary jurisdiction cannot extend beyond 105 days after the trial court signed the judgment."); *see also* Tex. R. Civ. P. 329b(c) (plenary power exists for seventy-five days if a party moves to alter the judgment); Tex. R. Civ. P. 329b(e) (plenary power extends for thirty days if no request to alter the judgment is filed); Tex. R. Civ. P. 5 (providing that a trial court may not enlarge the period for taking any action under the rules relating to a new trial except as stated in the rules).

[14]Tex. R. App. P. 33.1.

comply with Rule 91a, we overrule issues four through eight. Because none of Miller's arguments supporting his third issue were preserved, issue three is overruled.

In issue nine, Miller argues the trial court abused its discretion by awarding Dunn $1500 in attorney's fees in sanctions. Miller's arguments lack merit. First, the record shows Miller had both notice and a reasonable chance to be heard on his complaints about the fairness of the sanction.[15] For that reason, we reject his claim the trial court violated his due process rights. Second, trial courts may sanction litigants for signing pleadings that contain frivolous claims.[16] Third, the Constitution does not give litigants a right, even when indigent, to burden the courts by filing frivolous claims brought for purposes of harassment.[17]

Last, as additional support for issue nine, Miller argues the trial court awarded $1500 as *costs*. We disagree the $1500 represents an award of *costs*. Rule 145, the rule Miller relies on in his brief to support his argument, defines *costs* as "any fee charged by the court or an officer of the court that could be taxed in a bill of costs, including, but not limited to, filing fees, fees for issuance and service of process, fees for a court-appointed professional, and fees charged by the clerk or court

---

[15]*See* Tex. Civ. Prac. & Rem. Code Ann. § 10.003 (Notice and Opportunity to Respond to Motion for Sanctions).

[16]*See id*. § 10.002 (b) (authorizing trial courts, on their own initiative, to award sanctions should a party file a frivolous pleading).

[17]*See Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

reporter for preparation of the appellate record."[18] The $1500 awarded in the order was awarded as a sanction for Miller's filing of a frivolous pleading not as a *cost*, as that term is defined in Rule 145. Add to that, attorney's fees awarded as a sanction are not considered *costs* under the definition of *costs* in Rule 145.[19] We overrule issue nine.

## Conclusion

For the reasons explained above, we conclude Miller's arguments lack merit. So the trial court's order of dismissal is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 20, 2021
Opinion Delivered October 7, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

---

[18]Tex. R. Civ. P. 145(c).

[19]*Equitable Gen. Ins. Co. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984) (stating "we recognize the general rule that attorney's fees are not costs").