

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00095-CV

**MEAT SUPPLY, LLC**,
Appellant

v.

**510 S. GOOD LATIMER, LLC**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-11151
Honorable Angelica Jimenez, Judge Presiding

Opinion by: Beth Watkins, Justice

Sitting: Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: March 9, 2022

AFFIRMED

Meat Supply, LLC appeals the trial court's order denying its motion to dismiss under the

Texas Citizens Participation Act. We affirm the trial court's order.

### BACKGROUND

In 2017, Meat Supply, a seller of beef products, sued several entities for failure to pay

outstanding invoices. One of the defendants named in Meat Supply's original petition was "510 S.

Good Latimer LLC D/B/A Farmers Fruit and Vegetable Company." Meat Supply's petition stated

that 510 S. Good Latimer LLC D/B/A Farmers Fruit and Vegetable Company could "be served

with citation by and through its registered agent Robert F. Kemp at 4145 Travis Street, Suite 201, Dallas, TX 75204."

The affidavit of service does not show that Meat Supply attempted to serve 510 S. Good Latimer LLC D/B/A Farmers Fruit and Vegetable Company through the registered agent or at the address listed in the petition. Instead, the affidavit indicates the intended service address was:

510 S. Good Latimer, LLC D/B/A Farmers Fruit and Vegetable Company
Registered Agent, Jimmy Hutton
510 S. Good Latimer
Dallas, Texas 75226

The affidavit also shows, however, that Meat Supply's petition was not served on that agent or at that address either. Instead, the petition was served on "510 S. Good Latimer, LLC D/B/A Farmers Fruit and Vegetable Company by and through Carlos G. Guillen" at 4000 Ash Lane, Dallas, Texas 75226. The affidavit identifies Carlos G. Guillen as the registered agent for "Olmeca Food, LLC," another defendant named in Meat Supply's petition.

Meat Supply sought summary judgment on its claims, and a Dallas attorney filed a single summary judgment response on behalf of both Olmeca Foods, LLC and 510 S. Good Latimer, LLC d/b/a Farmers Fruit and Vegetable Company.[1] On July 12, 2018, the trial court signed an order granting Meat Supply's motion for summary judgment. A signature block on the trial court's judgment identifies the attorney who filed the summary judgment response as representing both Olmeca Foods, LLC and 510 S. Good Latimer LLC d/b/a Farmers Fruit and Vegetable Company. On September 5, 2018, Meat Supply filed an abstract of judgment in the Dallas County real property records. The abstract identified the defendant subject to the judgment as 510 S. Good Latimer, LLC d/b/a Farmers Fruit and Vegetable Company.

---

[1] The appellate record contains documents asserting that the same attorney also filed an original answer and discovery responses on behalf of 510 S. Good Latimer, LLC d/b/a Farmers Fruit and Vegetable Company, but neither the answer nor the discovery responses are included in the record.

Appellee 510 S. Good Latimer, LLC (510) contends it did not learn of Meat Supply's lawsuit or the July 12, 2018 summary judgment order until February 17, 2020. On June 18, 2020, 510 filed an original petition for bill of review alleging that the summary judgment was void because 510 "was never served with process in [Meat Supply's] Lawsuit and never appeared or participated in the Lawsuit by or through any authorized attorney or other representative." The petition further alleged:

- 510 had never done business as Farmers Fruit and Vegetable Company;

- Farmers Fruit and Vegetable Company was a separate entity unrelated to 510;

- Carlos G. Guillen was the registered agent and president of Farmers Fruit and Vegetable Company, but had never acted as a registered agent for 510 and was not authorized to accept service for 510;

- the Ash Lane address listed in the affidavit of service "has never been the registered office of 510 [] or used by 510 [] in any way"; and

- the attorney who filed the response to Meat Supply's motion for summary judgment "had never communicated with 510 [], been retained to represent 510 [], or been authorized to answer and appear for 510 [] in the Lawsuit."

510's petition for bill of review was accompanied by documentary evidence supporting these assertions, including an affidavit from its managing member.

On December 14, 2020, Meat Supply filed a motion to dismiss 510's petition for bill of review under the Texas Citizens Participation Act. In its motion, Meat Supply argued that 510's bill of review was "based on and brought in response to [the] Underlying Lawsuit, including the judgment and abstract of judgment, that were an '[e]xercise of the right to petition.'" Meat Supply further asserted that 510 could not make a prima facie case "on one or more of the" required elements of a bill of review. Finally, Meat Supply argued 510 "cannot show due diligence" because it had not shown "that it could not have filed a restricted appeal" and, as a result, was not entitled to relief by bill of review.

In response, 510 argued: (1) Meat Supply did not satisfy its burden to show the TCPA applies here; (2) because 510 asserted that it was not served with Meat Supply's petition in the underlying lawsuit, it was not required to satisfy the traditional bill of review elements "as a matter of constitutional due process"; (3) if 510 was required to satisfy the traditional bill of review elements, it had met that burden; and (4) a bill of review plaintiff is not required to file a restricted appeal to show diligence. As support for its assertion that a restricted appeal was not required to show diligence, 510 cited the Texas Supreme Court's opinion in *Gold v. Gold*, 145 S.W.3d 212 (Tex. 2004) (per curiam), *abrogated in part on other grounds by Ex parte E.H.*, 602 S.W.3d 486 (Tex. 2020). 510 later filed a supplemental response arguing Meat Supply did not timely file the TCPA motion. Meat Supply filed a reply addressing the arguments in both of 510's responses.

After a hearing, the trial court signed an order denying Meat Supply's TCPA motion. This appeal followed.

## ANALYSIS

### *Standard of Review*

"We review a trial court's denial of a TCPA motion to dismiss de novo." *Segundo Navarro Drilling, Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, 612 S.W.3d 489, 492 (Tex. App.—San Antonio 2020, pet. denied). In conducting this review, "'[w]e view the pleadings and evidence in the light most favorable to the nonmovant.'" *Id.* (quoting *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 603 (Tex. App.—San Antonio 2018, pet. denied)).

### *Applicable Law*

The TCPA establishes an "expedited procedure for the early dismissal of groundless legal actions that impinge on First Amendment rights." *Greer v. Abraham*, 489 S.W.3d 440, 442 (Tex. 2016). Its purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent

permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. We construe the TCPA "liberally to effectuate its purpose and intent fully." *Id.* § 27.011(b).

The TCPA establishes a three-step process to determine whether dismissal of a legal action is required. *See Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). First, the movant has the initial burden to show the TCPA applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a); *Youngblood v. Zaccaria*, 608 S.W.3d 134, 137 (Tex. App.—San Antonio 2020, pet. denied). If the movant satisfies that threshold requirement, the burden shifts to the non-movant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). Finally, if the non-movant establishes its prima facie case, the trial court shall dismiss the legal action if the movant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).[2]

### *Application*

In its first issue, Meat Supply argues that to the extent the trial court concluded the TCPA does not apply here, it erred. We need not resolve that question, because even if we assume the TCPA applies, our resolution of Meat Supply's second issue is dispositive and requires us to affirm the trial court's order. *See* TEX. R. APP. P. 47.1; *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 891 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

In its second issue, Meat Supply argues the trial court erred by impliedly finding that 510 "establishe[d] by clear and specific evidence a prima facie case for each essential element of" a petition for bill of review. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c). It does not contend that

---

[2] Meat Supply has not argued that the third step of the TCPA analysis is relevant here.

510 failed to make a prima facie case of any of the three traditional required elements of a bill of review. *See, e.g.*, *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (identifying bill of review elements). Instead, it argues 510 was required to show that it acted diligently before filing a bill of review but failed to make that showing. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) ("Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment[.]"); *but see Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) ("[T]hose not properly served have no duty to act, diligently or otherwise."). Relying on an opinion from one of our sister courts, Meat Supply argues a bill of review plaintiff cannot show it acted diligently unless it demonstrates: (1) it filed a restricted appeal before seeking relief by bill of review; or (2) a restricted appeal was unavailable as a matter of law. *See Jones v. Serv. Credit Union*, No. 06-14-00077-CV, 2015 WL 3609166, at *6 (Tex. App.—Texarkana June 10, 2015, no pet.) (mem. op.) (holding bill of review plaintiff's failure to first file a timely post-judgment motion under Rule 306a or restricted appeal was "fatal to his petition for bill of review" because it showed he "had legal remedies which he ignored").

However, the Texas Supreme Court has held "that a restricted appeal is not a prerequisite to a bill of review[.]" *Gold*, 145 S.W.3d at 213. In *Gold*, the supreme court rejected the notion that a failure to pursue relief by restricted appeal was relevant to any of the three traditional bill of review requirements. *Id.* at 213–14. The court then turned to the question of whether a failure to pursue a restricted appeal constituted lack of diligence that could bar relief by bill of review. It concluded the answer to that question was "no":

> It is true we have sometimes stated that relief by bill of review is available "only if a party has exercised due diligence in pursuing all adequate legal remedies ... [and not] [i]f legal remedies were available but ignored." . . . *But a party is not "ignoring" its remedies when it chooses one appellate avenue rather than another.* We have never included a restricted appeal among the "adequate legal remedies" a

> bill of review claimant must pursue; we have only applied this rule to motions that could have been filed in the trial court's first proceeding.

*Id.* at 214 (internal citations omitted, emphasis added). As noted above, 510's response to Meat Supply's TCPA motion cited *Gold* for the proposition that it was not required to file a restricted appeal to show diligence. Because *Gold* establishes the applicable law on this question and 510's response correctly described *Gold*'s holding, we reject Meat Supply's suggestion that 510's TCPA response was deficient on this point. *See Elkins*, 553 S.W.3d at 603 ("We view the pleadings and evidence in the light most favorable to the nonmovant.").

Meat Supply acknowledges the supreme court's holding in *Gold*, but it suggests that holding does not apply here because *Gold* "is limited to the facts of that case, which differ significantly from the facts in this case." We disagree. We see nothing in *Gold* that suggests the supreme court intended to limit its unequivocal holding to the specific facts of that case. *Id.* at 213–14. Because we are bound by the supreme court's analysis in *Gold*, we decline Meat Supply's invitation to apply our sister court's contrary analysis in *Jones*. *Compare id.*, *with Jones*, 2015 WL 3609166, at \*6.

Diligence is the only component of 510's bill of review that Meat Supply challenges on appeal. *See Baker v. Orange Panda, LLC*, No. 04-19-00846-CV, 2020 WL 6293150, at \*4 (Tex. App.—San Antonio Oct. 28, 2020, no pet.) (mem. op.) (declining to examine whether TCPA non-movant established prima facie case of elements not challenged on appeal). Because binding supreme court precedent requires us to reject Meat Supply's contention that 510 did not make a prima facie showing of diligence, we hold the trial court did not err by denying Meat Supply's motion to dismiss under the TCPA. *See Gold*, 145 S.W.3d at 214; *see also Ross*, 197 S.W.3d at 798.

We overrule Meat Supply's second issue. Based on our disposition of this issue, we need not reach Meat Supply's first, third, or fourth issues regarding whether the TCPA applies and the timeliness of Meat Supply's motion. *See* TEX. R. APP. P. 47.1; *Shopoff Advisors, L.P. v. Atrium Circle, GP*, No. 04-20-00310-CV, 2021 WL 2669337, at *4 n.7 (Tex. App.—San Antonio June 30, 2021, no pet.) (mem. op.).

## CONCLUSION

We affirm the trial court's order denying Meat Supply's motion to dismiss.

Beth Watkins, Justice